UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW WALLACE,  :
    Petitioner,  :
    :
v.  :  3:16-cv-00119-WWE
    :
USA,  :
    Respondent.  :

**MEMORANDUM OF DECISION ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Following a three-day trial, a jury convicted Matthew Wallace of one count of receipt of child pornography and one count of possession of child pornography. The Court sentenced Wallace to 100 months of imprisonment, below the Guidelines range. The Second Circuit rejected Wallace's numerous arguments on appeal. See United States v. Wallace, 607 F. Appx 25 (2d Cir. 2015).

Wallace has now moved pursuant to 28 U.S.C. § 2255 to vacate his sentence based on alleged ineffective assistance of counsel. Wallace raises ten separate issues in his petition, which the Court will address in turn.

**Ground One: Counsel Failed to Properly Advise Client of Plea**

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that he was actually prejudiced by his counsel's unreasonably deficient performance. Strickland v. Washington, 466 U.S. 668, 688 (1984). At the plea offer stage, a defendant must show that but for the ineffective advice there is a reasonable probability that the defendant would have accepted the plea. Lafler v. Cooper, 566 U.S. 156, 164 (2012).

A defendant can demonstrate prejudice "by producing both a sworn affidavit or testimony stating that he would have accepted or rejected a plea agreement but for his counsel's deficient

1

performance and also some additional 'objective evidence' supporting his claim." U.S. v. Frederick, 526 Fed. Appx. 91, 93 (2d Cir. 2013). This objective evidence can come, for example, in the form of a large disparity between a defendant's actual sentence and the likely sentence he would have received pursuant to the plea agreement. Id.

Wallace argues that if he had received competent advice from counsel he would have made "a more intelligent and informed decision" to accept the plea offer instead of electing to go to trial. Nevertheless, Wallace has been unwavering in asserting his innocence, and the agreement offered by the government before trial included a potential sentence of up to 120 months in prison, large fines, and sex offender registration. Wallace's persistence in maintaining his innocence through the appeals process undercuts his position that he would have accepted such a deal, especially considering that the actual sentence imposed after trial was a below-Guidelines 100 months.

Wallace has neither sworn that he would have accepted the government's plea offer nor presented additional objective evidence of prejudice. Moreover, Wallace indicated on separate occasions in open court that he was satisfied with his attorney's representation and that he and counsel agreed to decline the plea offer after reviewing it together. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Accordingly, Wallace's plea offer claim will be denied.

**Ground Two: Counsel Failed to Properly Investigate Defense**

Wallace argues that his attorney failed to properly rebut false evidence and statements proffered at trial by the government. Wallace also faults his attorney for deciding not to put their

forensic computer expert, Mr. Libby, on the stand to present his defenses. Wallace believes that if counsel had properly investigated and presented various exculpatory evidence, the result of the trial may have been different.

The government responds that these are matters of trial strategy that are unchallengeable. See United States v. Eyman, 313 F.3d 741, 743 (2d Cir. 2002) ("A failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel."). Similarly, "[d]ecisions about whether to engage in cross-examination, and if so to what extent and in what manner, are ... strategic in nature and generally will not support an ineffective assistance claim." Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002). The government also points out that the defense was able to elicit much of the testimony that Wallace asserts was improperly withheld – for example, that the images of children were located in temporary folders and that Wallace's computer was unsecured and vulnerable to unauthorized access. The Court will not overturn Wallace's conviction based on his allegations of tactical mistakes. Accordingly, Wallace's investigation claim will be denied.

**Ground Three: Counsel Failed to Pursue Alibi**

Wallace argues that counsel failed to present two of his alibi defense witnesses: Donald Gesswin and Nigel Edgerton. The government responds that counsel did present an alibi defense through Wallace himself and through two other witnesses: his mother and his fiancé. All three testified that Wallace was not at his mother's home on the day in question, so additional witnesses could have been viewed as cumulative. Moreover, Wallace admits that Gesswin, who could have testified that he and Wallace spent the day moving a washer and dryer, has a prior felony conviction for child endangerment, which counsel allegedly explained to Wallace, "might

3

not sound good to a jury." Finally, Wallace merely spoke to Edgerton by telephone on the day in question, so it is not clear that his testimony would have been helpful to Wallace's case.

As discussed above, tactical decisions concerning trial strategy do not constitute a basis for ineffective assistance claims. Accordingly, Wallace's alibi claim will be denied.

**Ground Four: Courtroom was Inappropriate for Trial**

Wallace argues that a faulty audio system in the courtroom prevented the Court from hearing essential testimony and argument, as evidenced by "inaudible" indications at various places in the transcript. He asserts that counsel should have objected more strenuously to the courtroom setup.

The government responds that the 39 instances where the trial transcript indicates "inaudible" does not mean the judge or the jurors were unable to hear the testimony; it reflects only that the electronic recording system was unable to capture a particular word or phrase sufficiently enough to allow the transcriber to decipher what was said. Moreover, counsel cannot be held ineffective for failing to point these instances out during trial, as the only way he would have been aware of them was by reviewing the transcript, which was not prepared until after the trial was over.

The Court agrees that Wallace's argument regarding the courtroom audio is speculative and therefore insufficient to establish prejudice. See Kemp v. New York, 2009 WL 306258, at *14 (S.D.N.Y. February 9, 2009) ("Vague and speculative allegations . . . are insufficient to establish the prejudice required by *Strickland*."). Accordingly, Wallace's claim based on an allegedly inappropriate courtroom will be denied.

**Ground Five: Court Failed to Rule on Defendant's Rule 29 Motion**

Wallace argues that the Court failed to rule on his motion for a judgment of acquittal pursuant to Rule 29, made at the close of the government's case. The government responds that pursuant to Rule 29(b), the court may reserve decision on the motion at the time it is made and decide it either before or after the jury returns a verdict. See Fed. R. Crim. P. 29(b). Although Wallace's counsel never renewed the motion, and the Court never explicitly denied it, the Second Circuit has held that in these circumstances, the Court's "subsequent entry of a judgment of conviction makes plain that it denied the motion." See U.S. v. Jianjun Liu, 515 Fed. Appx. 49, 51 (2d Cir. 2013). Here, as in Liu, the jury returned a verdict of guilty, and the Court sentenced the defendant and entered a judgment of conviction. Moreover, any renewal of Wallace's Rule 29 motion would have been denied, as viewing the evidence in a light most favorable to the government, and drawing all inferences in favor of the prosecution, a reasonable, rational jury could have found Wallace guilty beyond a reasonable doubt. See U.S. v. Irving, 452 F.3d 110, 117 (2d Cir. 2006) ("A Rule 29 motion should be granted only if the district court concludes there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt."). Accordingly, Wallace's Rule 29 claim will be denied.

**Ground Six: Counsel Ignored Defendant's Request to Confer Regarding Summation**

Wallace argues that defense counsel's "off-the-cuff" closing statement was deficient, primarily due to counsel's failure to consult with Wallace immediately before beginning his summation. The government responds that Wallace has neglected to identify how consultation would have aided his defense. Absent clarification of the points Wallace desired to suggest to

5

counsel, this claim amounts to conclusory speculation, incapable of demonstrating prejudice. See Strickland, 466 U.S. at 693.

In addition, the government contends that Wallace's attorney presented a comprehensive summation which addressed the evidence and highlighted defense themes, including the burden of proof, the element of intent, the vulnerability of Wallace's internet connection, Wallace's alibi defense, and how Wallace's cooperation with investigators indicated his innocence. See Al Jaber v. U.S., 2014 WL 3925496, at *5 (D. Conn. August 12, 2014) (holding under similar circumstances that counsel was well within the bounds of objectively reasonable representation).

Wallace's claim based on counsel's failure to confer prior to summation will be denied.

**Ground Seven: Trial Misconduct**

Wallace argues that the government's misrepresentation of facts, false statements, and inflammatory, irrelevant evidence antagonized and confused the jury and amounted to trial misconduct. Moreover, Wallace contends that his defense counsel failed to counteract such tactics.

Wallace argues that the government engaged in misconduct at trial by introducing evidence about (1) defendant's possession of a pornographic magazine titled "Hawk" that advertised barely legal teens; (2) his possession of discs and computer files depicting bestiality; and (3) his paid membership in an adult pornographic website titled BlacksOnBlondes.com. In addition, Wallace complains about misleading testimony concerning his refusal to take a polygraph and about the functionality of online file-sharing networks. Finally, Wallace contends that the government should not have been permitted to show the jury images of child pornography found on Wallace's computer in light of Wallace's willingness to stipulate to their nature and existence.

The government responds that because the Second Circuit rejected these same claims of government misconduct on direct appeal, Wallace is precluded from raising them again here. See Yick Man Mui v. U.S., 614 F.3d 50, 55 (2d Cir. 2010). "A § 2255 motion may not relitigate issues that were raised and considered on direct appeal." U.S. v. Perez, 129 F.3d 255, 260 (2d Cir. 1997).

Wallace attempts to differentiate his claims in this petition by arguing that his counsel was ineffective for failing to object to or otherwise challenge the government's conduct. But the government points out that defense counsel *did* object to and move to preclude the above evidence at trial. Counsel cannot be faulted when the Court denied his motions and allowed the evidence. Moreover, counsel was successful in obtaining limiting instructions where appropriate, as, for example, with regard to the polygraph evidence. Accordingly, Wallace's claim that defense counsel was ineffective at preventing trial misconduct will be denied.

**Ground Eight: Counsel Left During PSR Interview**

Wallace argues that his attorney exited the room part way through his pre-sentencing interview with probation, which resulted in an inaccurate and prejudicial PSR. Nevertheless, the record contradicts Wallace's self-serving allegations.

The PSR itself states that "Mr. Wallace was interviewed in the presence of counsel." At sentencing, Wallace confirmed under oath that he had reviewed the PSR and was satisfied with its contents. He also stated that he was satisfied with his counsel's representation.

Regardless of the accuracy of Wallace's contentions, he has cited no authority for a right to counsel during the PSR interview. The government, in contrast, has listed numerous persuasive authority in opposition. See e.g. United States v. Tyler, 281 F.3d 84, 96 (3d Cir.

2002) ("[N]o court has found the Sixth Amendment right to counsel applies to routine presentence interviews.").

Finally, Wallace has again failed to demonstrate prejudice. He merely "believe[s]" that a corrected PSR could have resulted in a "potentially lowered non-guideline sentence."

The Court will deny Wallace's PSR-based ineffective assistance claim.

**Ground Nine: Failure to Argue Misinformation in PSR**

Wallace challenges the number of images he possessed, arguing that the evidence did not show that he possessed over 600 images of child pornography, which was the number reflected in the PSR that was used to determine his sentencing enhancements under the Guidelines.

The government responds that the Second Circuit already considered and rejected this argument on direct appeal. Therefore, Wallace may not relitigate the issue. See Perez, 129 F.3d at 260. Moreover, Wallace explicitly stated under oath that he was satisfied with the PSR, which included the enhancement for over 600 images.

To the extent that Wallace is claiming his counsel was ineffective for not raising the issue before sentencing, he cannot demonstrate prejudice, as any such challenge would have been futile. The government's forensic examiner testified that he found over 500 images of child pornography, and the government presented at least four videos of child pornography, which, under the Guidelines, shall be considered the equivalent of 75 images each for purposes of the sentencing enhancement. U.S.S.G. § 2G2.2 Application Note 4(B)(ii). Accordingly, the total number of "images" of child pornography found on Wallace's computer exceeded 600, so his claim based on misinformation will be denied.

**Ground Ten: A Pattern of Ineffectiveness During Post-Conviction Proceedings**

Wallace argues that his attorney was dilatory and ineffective in his appeal to the Second Circuit. He alleges that a breakdown in communications between attorney and client ultimately led to an appellate brief that lacked depth and omitted crucial arguments.

The government responds that "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Indeed, there is no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." See Jones v. Barnes, 463 U.S. 745, 751 (1983). Moreover, Wallace was permitted to file both a supplemental *pro se* brief and a *pro se* reply brief, so he cannot demonstrate prejudice. See Knight v. Phillips, 2012 WL 5955058, at *21 (E.D.N.Y. Nov. 28, 2012) ("When a petitioner has raised, in a supplemental *pro se* brief, the very issues that he asserts demonstrate prejudice, his ineffective assistance of appellate counsel claim must be denied.").

Here, the Second Circuit stated: "We have considered all of the arguments raised by Wallace on appeal and find them to be without merit." U.S. v. Wallace, 607 Fed. Appx. 25, 30 (2d Cir. 2015). Accordingly, Wallace's claim based on an ineffective appeal will be dismissed.

## CONCLUSION

For the foregoing reasons, Wallace's motion to vacate, set aside, or correct his sentence is DENIED. The Clerk is instructed to close this case.

Dated this 21st day of June, 2017, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE