UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MATTHEW WALLACE, | : |
|     Petitioner, | : |
| | : |
| v. | :     3:16-cv-00119-WWE |
| | : |
| USA, | : |
|     Respondent. | : |

## MEMORANDUM OF DECISION ON PETITIONER'S MOTION FOR RECONSIDERATION

Following a three-day trial, a jury convicted Matthew Wallace of one count of receipt of child pornography and one count of possession of child pornography. The Court sentenced Wallace to 100 months of imprisonment, below the Guidelines range. The Second Circuit rejected Wallace's numerous arguments on appeal. See United States v. Wallace, 607 F. Appx 25 (2d Cir. 2015).

Wallace moved pursuant to 28 U.S.C. § 2255 to vacate his sentence based on alleged ineffective assistance of counsel, raising ten separate issues in his petition. In a ten-page decision, the Court addressed each of petitioner's arguments in turn, finding none to have merit. The Court denied Wallace's 2255 motion on June 21, 2017 [ECF No. 24]. Wallace seeks reconsideration of that decision pursuant to Rule 60(b).

Reconsideration will be granted only if the moving party identifies controlling decisions or data that the court overlooked and that could reasonably be expected to alter the court's decision. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used simply to relitigate an issue that has been decided adversely to the movant. Metropolitan Entertainment Co., Inc. v. Koplik, 25 F. Supp. 2d 367, 368 (D. Conn. 1998).

1

Wallace contends that the Court "appears to have overlooked the newly available facts and evidence brought forth in each argument." The Court did not overlook petitioner's evidence. Rather, the Court held that regardless of Wallace's various proffers, tactical decisions concerning trial strategy do not constitute a basis for ineffective assistance claims. See United States v. Eyman, 313 F.3d 741, 743 (2d Cir. 2002).

For example, Wallace argued that counsel failed to present two of his alibi defense witnesses, Donald Gesswin and Nigel Edgerton. But Wallace admits that Gesswin, who could have testified that he and Wallace spent the day at issue moving a washer and dryer, has a prior felony conviction for child endangerment, which counsel allegedly explained to Wallace, "might not sound good to a jury." Wallace merely spoke to Edgerton by telephone on the day in question, so it is unclear how Edgerton's testimony would have been helpful to Wallace's case. The decision to forgo calling these witnesses was tactical, and a petitioner cannot secure a new trial post-conviction merely by demonstrating that, in his or her opinion, the case could have been tried better. Otherwise we would be destined to continual retrial of unsatisfied convicts.

As the government points out, just because the Court did not mention each and every exhibit that Wallace attached to his 2255 motion does not mean that the Court overlooked them. Rule 60(b) should not be used to relitigate the same issues already raised in a 2255 motion. The Court will adhere to its decision to deny Wallace's 2255 petition.

Finally, a certificate of appealability "should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." Kellog v. Strack, 269 F.3d 100, 104 (2d Cir.

2001). Wallace has failed to demonstrate that jurists of reason would find debatable whether this Court abused its discretion. Accordingly, a certificate of appealability shall not issue.

## CONCLUSION

For the foregoing reasons, Wallace's motion for reconsideration of his 2255 petition is GRANTED, but the Court adheres to its decision to deny the motion to vacate or set aside Wallace's sentence. A certificate of appealability shall not issue.

Dated this 24th day of May, 2018, at Bridgeport, Connecticut.

       /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE